# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

HARBORVIEW OFFICE CENTER, LLC,

        Plaintiff,

      v.                                    Case No. 04-CV-1115

CITIZENS INSURANCE COMPANY OF AMERICA,

        Defendant.

_____

## ORDER

The plaintiff, Harborview Office Center, LLC, filed a motion for partial summary judgment on April 13, 2006, asserting that it is entitled to coverage under one or more insurance policies for property damage which resulted from rainwater infiltration. On December 13, 2006, the defendant, Citizens Insurance Company of America, filed a motion to strike 3 reports filed by the plaintiff in support of its motion for partial summary judgment. On December 29, 2006, the plaintiff filed a brief in opposition to the defendant's motion to strike. On January 11, 2007, the defendant filed a reply brief. On January 12, 2007, the plaintiff filed an expedited motion to strike portions of the defendant's reply brief and the defendant filed a response to the plaintiff's motion on the same day.

In support of its motion to strike, the defendant asserts that the reports, exhibits C, E, and F to the plaintiff's motion for partial summary judgment, are not supported by affidavit or otherwise authenticated. As such, the defendant moved to strike the reports under Fed. R. Civ. P 56(c) and (e).

In response, the plaintiff asserts that the defendant's motion to strike should be denied because the defendant waived any objections to the reports based on authenticity. The plaintiff notes that the reports were attached to the affidavit of Neal F. Guttormsen ("Guttormsen") dated February 18, 2005. On March 7, 2005, the defendant filed its response to the plaintiff's findings of facts and objected to the reports on the grounds of relevance, but did not object to the reports on the grounds that they failed to meet the authenticity requirements of Fed. R. Civ. P 56. Given that the defendant did not object to the authenticity of the reports in its March 7, 2005 response to the plaintiff's findings of facts, the plaintiff asserts that the defendant waived those objections.

The plaintiff also asserts that the reports are not offered to prove that rainwater infiltration damaged the covered property; rather, they are offered to corroborate the state of mind of Guttormsen as well as the effect they had on the plaintiff following their receipt. The plaintiff maintains that because the reports are not offered to prove the truth of their contents, they are not hearsay under Federal Rule of Evidence 801(c). *See Luckie v. Ameritech Corp.*, 389 F.3d 708, 716 (7th Cir. 2004) (holding that statements not offered to prove the truth of the matter asserted but offered to show state of mind were not hearsay and were properly considered by the court). And because the reports are not hearsay, the plaintiff asserts that the reports are admissible under Federal Rule of Evidence 901(b)(1) because the reports are identified by the testimony of a witness with knowledge. *See id.* Specifically, the reports are identified in the February 18, 2005 Guttormsen affidavit. (Guttormsen Aff. ¶¶ 8-15.)

2

In reply, the defendant asserts that it did not concede the accuracy of the reports and that Guttormsen's state of mind is of no relevance to the plaintiff's motion for partial summary judgment.

Rule 56(e) of the Federal Rules of Civil Procedure states that "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Id.* Here, the reports were not filed as individual affidavits but were attached as exhibits to Guttormsen's affidavit. In his affidavit, Guttormsen discussed receipt of the reports, summarized their content, and related what was discovered and done as a result of receipt of the reports. (Guttormsen Aff. ¶¶ 8-15.) After reviewing the plaintiff's filings, the court concludes that the reports are not offered to prove the truth of their contents, rather, they are offered to corroborate the state of mind of Guttormsen, as well as the effect they had on the actions taken by the plaintiff following their receipt. As such, the court will deny the defendant's motion to strike exhibits C, E, and F to the plaintiff's motion for partial summary judgment as unauthenticated. *See Luckie*, 389 F.3d at 716.

As noted above, on January 12, 2007, the plaintiff filed an expedited motion to strike portions of the defendant's reply brief and the defendant filed a response. The plaintiff asserts that the defendant's reply brief violated Civil Local Rule 7.1 by not limiting its reply brief and supporting documents to matters in reply. *See* Civil L.R. 7.1(f). Although the defendant's arguments regarding the relevancy of Guttormsen's state of mind may be more suitably raised in its opposition to the plaintiff's motion for

partial summary judgment than in its reply brief in support of its motion to strike, the court concludes that granting the plaintiff's motion to strike would achieve nothing but unnecessary delay. In light of the foregoing, the court is constrained to deny the plaintiff's motion to strike.

Finally, in accordance with the court order dated December 22, 2006, the defendant shall have 30 days from the date of this order to file its response to the plaintiff's motion for partial summary judgment.

Accordingly,

**IT IS ORDERED** that the defendant's motion to strike (Docket # 67) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike (Docket # 73) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the defendant shall have 30 days from the date of this order to file its response to the plaintiff's motion for partial summary judgment.

Dated at Milwaukee, Wisconsin, this 17th day of January, 2007.

BY THE COURT:

s/J. P. Stadtmueller
J. P. STADTMUELLER
U.S. District Judge

4